IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WAIMONUSHUN D. SMITH                                                    PETITIONER
ADC #111026

v.                          CASE NO.: 5:08CV00200 JMM/BD

LARRY NORRIS,                                                          RESPONDENT
Director, Arkansas Department
of Correction

RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections

        The following recommended disposition has been sent to United States District

Judge James M. Moody.  Any party may file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the

evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than eleven

(11) days from the date you receive the Recommended Disposition.  A copy will be

furnished to the opposing party.   Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

1

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. <u>Background</u>

On March 22, 2006, a Pulaski County jury found Petitioner guilty of second-degree murder and sentenced him to forty years in the Arkansas Department of Correction ("ADC"). Petitioner filed a direct appeal of his conviction in which he raised only one claim, insufficient evidence to support the conviction. The conviction was affirmed by the Arkansas Court of Appeals on February 7, 2007, and the Court issued a mandate on February 27, 2007. *Smith v. State*, CACR 06-700, 2007 WL 404654, at *1 (Feb. 7, 2007); (#5-3 at p. 1).

Petitioner filed a timely petition for post-conviction relief with the trial court. *Smith v. State*, No. CR 07-12288, 2008 WL 384186, at *1 (Feb. 14, 2008). The trial court denied relief in an order entered August 29, 2007. *Id*. Petitioner filed a notice of appeal of the trial court's order denying post-conviction relief on October 10, 2007. *Id*. When Petitioner attempted to tender a record to the Arkansas Supreme Court, the clerk of court declined to file it because the notice of appeal was not timely filed with the trial court.

Petitioner filed a pro se motion to file a belated appeal, which the Arkansas Supreme Court denied on February 14, 2008. *Id*. In denying the motion, the Court responded to the Petitioner's claim that he had mailed the notice to the Pulaski County

2

Circuit Clerk in a timely manner.  The Court stated it did not follow the "mailbox rule" and found that Petitioner had not established "good cause" for his failure to file his notice in a timely manner.  *Id*.

Petitioner filed the instant petition seeking relief under 28 U.S.C. § 2254 on July 22, 2008, raising the following claims for habeas relief: (1) the Arkansas Supreme Court abused its discretion by not granting Petitioner an appeal of the denial of his Rule 37 petition; (2) ineffective assistance of trial counsel for failing to object to lesser-included offenses; and (3) newly discovered evidence of perjured testimony that  results in insufficient evidence to support the conviction.

III.    **The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year statute of limitations during which a state prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  It also provides for tolling of the statute of limitations during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

After the Court of Appeals upheld Petitioner's conviction, but before the statute of limitations expired, the Eighth Circuit issued an *en banc* decision in *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008), abrogating *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999). In *Nichols*, the Eighth Circuit had considered when a Missouri inmate's judgment was final for purposes of 28 U.S.C. § 2244(d)(1)(A) and had ruled that the conviction was final ninety days after his conviction was affirmed on direct appeal.  The Court did not discuss, however, whether the Missouri Court of Appeals was a "court of last resort" under United States Supreme Court Rule 13.1.

In *Riddle*, the Court held that when the petitioner did not apply to transfer his Missouri case from the Court of Appeals to the Missouri Supreme Court, the direct appeal became final when the mandate issued from the Court of Appeals rather than after the end of the ninety-day period for seeking certiorari with the United States Supreme Court. *Riddle*, 523 F.3d at 855-56.  The Court reasoned that, because no petition for transfer to the Missouri Supreme Court was filed, Riddle could not seek review in the state court of last resort, which also precluded review by the United States Supreme Court.  *Id*.  The Court also noted that a change in circuit precedent would constitute an "extraordinary circumstance" that might serve to equitably toll the AEDPA's statute of limitations, if a petitioner had otherwise been diligently pursuing his rights.  *Id*. at 857.

In this case, under the rule in *Riddle*, Petitioner's judgment became final and the statute of limitations began to run when the mandate issued from the Court of Appeals on

February 27, 2007. *Smith v. State*, CACR 06-700, 2007 WL 404654, at *1 (Feb. 7, 2007).

The limitations period continued to run until April 27, 2007, when Petitioner filed a

timely petition for post-conviction relief with the trial court under Arkansas Rule of

Criminal Procedure 37.  From April 27, 2007 until June 11, 2008, while the Rule 37

petition was pending, the statute of limitations was tolled under 28 U.S.C. §2244(d)(2).

Consequently, Petitioner had 306 days remaining until the statute of limitations expired

on June 30, 2008.  Petitioner did not file the instant petition until July 22, 2008.

This Petition would have been timely, however, under the rule in *Nichols* which

would have given Petitioner an additional ninety days under the statute of limitations.

Petitioner could not have anticipated the change in circuit precedent caused by the Eighth

Circuit's decision in *Riddle* which occurred while the statute of limitations on his habeas

claim was running.  Petitioner appears to have diligently pursued his claim.  Accordingly,

Petitioner is entitled to equitable tolling from June 30, 2008, until he filed his petition on

July 22, 2008.  See *Shelton v. Purkett*,  563 F.3d 404, 407 (8th Cir. 2009) (tolling statute

of limitations for petitioner who had otherwise been diligently pursuing his rights because

change in circuit precedent is an extraordinary circumstance that would permit equitable

tolling).

## IV.   **Procedural Default**

Respondent argues that Petitioner's claims are procedurally defaulted.  Before

seeking federal habeas review, a state prisoner must first fairly present the substance of

5

each claim to each appropriate state court, thereby alerting those courts to the federal

nature of his claims and giving them an opportunity to pass upon and correct any

constitutional errors.  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also

28 U.S.C. § 2254(b) and (c).  In order to exhaust, the petitioner must "use the State's

established appellate review procedures."  *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir.

2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)).

State remedies are not fully exhausted if a petitioner "has the right under the law of

the State to raise, by any available procedure, the question presented."  28 U.S.C.

§ 2254(c).  This requires state prisoners to "give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's

established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  Claims in a federal

habeas petition not presented in the state court proceedings and for which there is no

remaining state court remedy are defaulted, and a habeas petitioner's default will be

excused only if he can "demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S.

722, 750, 111 S.Ct. 2546, 2565 (1991).  If no cause has been shown, the prejudice

element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454,

1474 (1991).

6

In this case, Petitioner filed a direct appeal of his conviction raising one issue, insufficient evidence to support his conviction.  See ARK. R. APP. P. CRIM. 1(a). Additionally, Petitioner brought a timely a Rule 37 petition before the trial court raising the following claims: (1) ineffective assistance of counsel for failing to object to instructions for lesser-included offenses; (2) ineffective assistance of counsel for objecting to the prosecution's motion to declare a mistrial; and (3) his conviction was based on perjured testimony.  (#9 at p. 1)   The trial court denied Petitioner relief on his Rule 37 petition in an order dated August 29, 2007.

Petitioner filed a notice of appeal of the order denying post-conviction relief on October 10, 2007.  When Petitioner tendered a record to the Arkansas Supreme Court, however, the Court declined to file it because the notice of appeal was not timely filed with the circuit clerk.  *Smith v. State*, No. CR 07-12288, 2008 WL 384186, at *1. Petitioner then filed a motion to file a belated appeal with the Arkansas Supreme Court. In the motion, Petitioner claimed he placed the notice of appeal in the mail at the prison before the expiration of the thirty-day filing period..  The Court denied the motion stating that it had declined to adopt the prison mail-box rule and Petitioner's statement that he mailed the notice did not establish good cause for his failure to file the notice in a timely manner.  *Id*.

"Federal courts may not grant habeas relief based on procedurally defaulted claims if the state court's reason for finding default rests on adequate and independent state

grounds." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009) (citing *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007)).   In this case, the Arkansas Supreme Court's order denying Petitioner's belated appeal of the trial court's Rule 37 order and the Court's refusal to apply the prison mail-box rule are adequate and independent state grounds to procedurally bar Petitioner's ineffective assistance of counsel claims and his perjured testimony claim.   Consequently, the Court can hear these claims only if Petitioner can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

A.       *Cause and Prejudice*

Cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).   Petitioner claims his default was caused by the Arkansas Department of Correction's failure to mail or the Pulaski County Circuit Clerk's failure to file his notice of appeal in a timely manner.   In his reply to Respondent's procedural default argument, Plaintiff claims he mailed his notice of appeal on September 21, 2007, before the September 28, 2007 deadline.   The notice was not filed, however, until October 10, 2007.

Citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988), Petitioner contends that the "prison mailbox rule" applies to his efforts and that the notice of appeal should

have been deemed filed when he mailed it.  The mail-box rule articulated in *Houston*

applies to pro se pleadings filed in federal court.  The Arkansas Supreme Court, however,

has consistently declined to adopt such a rule for pleadings filed in its court.  The Court

made this clear in its order denying Petitioner's motion to file a belated appeal when it

stated:

> We have declined to adopt the prison mail-box rule that is accepted in some
> courts, and which provides that a pro se inmate files his or her petition at
> the time the petition is placed in the hands of prison officials for mailing.
> *Hamel v. State*, 338 Ark. 769, 1 S.W.3d 434 (1999).  An item tendered to a
> court is considered tendered on the date it is received and file marked by the
> clerk, not on the date it may have been placed in the mail.

*Smith v. State*, No. CR 07-12288, 2008 WL 384186, at *1.

State procedural rules govern cases originating in state court.  *Cantrell v. Norris*,

319 Fed. Appx. 442, (8th Cir. 2008)(citing *Winkels v. George A. Hormel & Co.*, 874 F.2d

567, 568 (8th Cir. 1989)).  Other circuits considering this issue have held that, where a

state court has applied its own law to reject the application of the "prison mailbox rule,"

federal courts are obligated to defer to the state court's interpretation of its law and

practice.  See *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (leaving undisturbed

the Ohio Supreme Court's express rejection of "prison mailbox rule" and determination

that state post-conviction motion was not timely filed); *Coleman v. Johnson*, 184 F.3d

398, 403 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) (declining to extend "prison

mailbox rule" to determination of whether post-conviction motion was timely filed in

state court); *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (question of

9

whether state post-conviction petition was properly filed was a question of state

procedural law).  Because under Arkansas law and practice the prison mailbox rule does

not apply, Plaintiff has not established cause and prejudice.

      B.    *Miscarriage of Justice*

      Petitioner also may overcome procedural default by showing that failure to hear his

petition would result in a miscarriage of justice.  *Wooten*, 578  F.3d at 777.  To establish a

miscarriage of justice, a petitioner must present new evidence that affirmatively

demonstrates he is innocent of the crime for which he was convicted.  *Id*. (citing *Schlup v.*

*Delo*, 513 U.S. 298, 326-30, 115 S.Ct. 851 (1995)).

      A claim of actual innocence sufficient to overcome procedural default requires that

a petitioner "support his allegation of constitutional error with new reliable evidence. . . ."

*Schlup*, 513 U.S. at 324.  Actual innocence may be established by a credible declaration

of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence.

*Id*.   The burden is on the a petitioner to show that "it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence."  *Id*.  at 327.

      As new evidence of actual innocence, Petitioner points to the testimony of

Cameron Braswell.  At Petitioner's March, 2006 trial, Mr. Braswell testified that, while in

custody at the Pulaski County Regional Detention Facility, he overheard a conversation

between the Petitioner and Lenzie Sanders, another detainee, in which Petitioner admitted

to killing the victim.  Mr. Braswell recanted his testimony in a separate trial held in April,

2006, and was later charged and convicted of perjury in connection with his testimony in the Petitioner's case.

Petitioner's actual innocence claim fails for two reasons.  First, the recanted testimony claim is not "new"evidence.  Petitioner could have, but did not, raise the issue of the recanted testimony on direct appeal of his conviction with the Arkansas Court of Appeals.  In his brief to the Court, which was filed four months *after* Mr. Braswell recanted his testimony, Petitioner claimed insufficient evidence to support the conviction but did not mention Mr. Braswell's recanted testimony as part of his claim or raise it as a separate claim of a constitutional violation.  See *Cox v. Burger*, 398 F.3d 1025, (8th Cir. 2005) (affirming district court's determination that petitioner had procedurally defaulted his recantation claim by failing to raise it in his state appeal as a constitutional error).

Petitioner did raise the perjured testimony argument in his Rule 37 petition that was denied by the trial court, but he failed to appeal the trial court's order in a timely manner.  Consequently, the evidence of innocence Petitioner is offering is not new and could have been raised in earlier state court proceedings.

Second, under *Schlup*, Petitioner must show "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup*, 513 U.S. at 327.[1]  Petitioner has not met this burden.  The prosecution offered testimony from

---

[1]Under *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853 (1993), Petitioner's burden of proof to establish a substantive claim of actual innocence is higher than under S*chlup* because he must come forward with a "truly persuasive demonstrations of actual

an eye witness who stated she had seen the butt of a handgun protruding from the

Petitioner's right pocket prior to his getting into the truck where he was seated directly

behind the victim.  The same witness testified that shots were fired from the back left side

of the vehicle where Petitioner was sitting.  Dr. Frank Paretti, a forensic pathologist,

testified that, among other wounds, the victim was shot in the back of the neck from a

distance of less than one inch and the paths of the bullets were consistent with having

been fired by someone directly behind the victim.  *Smith v. State*, CACR 06-700, 2007

WL 404654, at *1 (Feb. 7, 2007); (#5-3 at p. 1; #9 at p. 99)

Further, the reliability of Mr. Braswell's testimony was called into question at trial

when the defense called Lenzie Sanders, the detainee to whom Petitioner allegedly

confessed, and Mr. Sanders testified that he talked to Petitioner for about a minute at the

Pulaski County Jail but that Petitioner had not confessed to killing the victim during that

conversation.  (Respondent's Exhibit G-2 at p. 514)

Reviewing the record as a whole, Mr. Braswell's testimony was relevant and

important but was not central to Petitioner's conviction.  Petitioner has not established a

"reasonable probability" that a jury would have acquitted him without Mr. Braswell's

testimony.  Accordingly, the Court recommends that the District Court dismiss

Petitioner's ineffective assistance of counsel claims and perjured testimony claim as

---

innocence." *Herrera*, 506 U.S. at 426-27.  Accordingly, to the extent Petitioner is raising
a substantive claim of innocence under *Herrera*, he has not met his burden of proof.

12

procedurally defaulted.  See *Wooten*, 578 F.3d at 781-82 (affirming district court's

determination that claims were procedurally barred because, after reviewing the record as

a whole, new evidence did not create a reasonable probability that a jury would have

acquitted the petitioner)(citing *Schlup*,  513 U.S. at 327); see also *Cox*, 398 F.3d 1031-32.

**V.**     **Sufficiency of the Evidence**

      Reading Petitioner's reply to the response in the light most favorable to Petitioner,

he appears to again challenge the sufficiency of the evidence to support his conviction.  In

his brief filed on direct appeal of his conviction, Petitioner admitted that he was seated in

the back passenger seat behind the victim, but argued there was no evidence presented at

trial that he knowingly shot the victim.

      Petitioner claimed the eye witness, Frances Robinson, never stated she actually

saw Petitioner shoot the victim but only that she saw bullets coming from the back, left

side of the vehicle.  Petitioner questioned the reliability of Ms. Robinson's testimony due

to the fact that she admitted that she had been drinking and taking drugs earlier in the day.

The Arkansas Court of Appeals rejected Petitioner's argument and affirmed his

conviction.  *Smith v. State*, CACR 06-700, 2007 WL 404654, at *1 (Feb. 7, 2007).

      "When a claim has been adjudicated on the merits in state court, habeas relief is

warranted only if the state court proceeding resulted in: (1) a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court; or (2) a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).  A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from the [United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  In this case, the legal standard applied by the Arkansas Court of Appeals is not contrary to applicable United States Supreme Court law.

In assessing a habeas petition claiming insufficient evidence to support a state court conviction, the scope of federal review is limited.  *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)).  It is not relevant whether this Court believes that evidence introduced at trial established guilt beyond a reasonable doubt.  *Id*.  Instead, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979).

The substantive elements of state crimes are defined by state law. *Jackson*, 443

U.S. at 324 n. 16.  Under Arkansas law, a person commits murder in the second degree if

he: (1) knowingly causes the death of another person under circumstances manifesting

extreme indifference to the value of human life; or (2) with the purpose of causing serious

physical injury to another person, causes the death of any person.  ARK. CODE ANN. § 5-

10-103.

In making his actual innocence argument in his reply to the response, Petitioner

claims: (1) the identification testimony of the eye witness, Frances Robinson, was weak;

(2) Ms. Robinson was under the influence of drugs and alcohol; (3) Ms. Robinson never

stated that she saw him shoot the victim; and (4) his fingerprints were not found on the

vehicle.  (#9 at pp. 6-7)

Three of Petitioner's four claims challenge the credibility and inconsistencies in

the testimony of the state's witnesses.  Credibility, however, is for the jury to decide.

Upon review of the evidence presented to the jury, the Court must presume the jury

resolved any conflicting inference in favor of the prosecution.  *Williams v. Norris*, 576

F.3d 850, 871 (8th Cir. 2009) (citing *Jackson*, 443 U.S. at 326).

As set forth above, there was evidence presented at trial that Petitioner possessed a

gun shortly before the shooting, that the shots were fired from the back left side of the

truck where Petitioner was sitting, and that the victim's wounds were consistent with being shot by someone sitting directly behind him.

After reviewing the trial evidence in the light most favorable to the prosecution, the Court believes a rational trier of fact could have found, beyond a reasonable doubt, the elements of second degree murder.  Accordingly, the Court recommends that the District Court dismiss Petitioner's sufficiency of the evidence claim.

VI.   **Conclusion**

The Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#2) with prejudice.

DATED this 8th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE